United States District Court
Southern District of Texas
**ENTERED**
April 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMA JOYCE BROOKS, | § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-cv-02359 |
| Plaintiff, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| REVERSE MORTGAGE SOLUTIONS INC *et al*, | | |
| Defendants. | | |

ORDER

Before the Court is a motion by Defendants NexBank SSB and Reverse Mortgage Solutions Inc seeking to compel Plaintiff Norma Joyce Brooks to make an election of remedies. Dkt 22. After they filed this motion, the Court removed RMS as a defendant in this case. See Minute Entry of October 10, 2019. The motion is denied.

This is a property dispute. Brooks lives in a home she inherited from her late husband. Dkt 9 at ¶ 1. She signed an agreement in 2016 with RMS and the lender. NexBank is the current lender. She alleges this agreement deferred foreclosure so long as she met certain conditions, and she asserts that she did meet those conditions. Ibid. But NexBank sold her home at a foreclosure sale in 2019.

Brooks now seeks to prevent eviction. She originally filed this action in state court against NexBank and RMS. They removed the action, and Brooks filed an amended complaint asserting claims against NexBank and Defendant SSN Investments LLC. Dkt 9. Brooks asserts claims for trespass to try title, quiet title, breach of contract, violation of the Texas Debt

Collection Act, and declaratory judgment. She also seeks damages.

NexBank then filed the instant motion to compel Brooks to make an election of remedies. It argues that Brooks cannot ask the Court "both to set aside the foreclosure sale and, contemporaneously, award damages" because they are inconsistent theories. Dkt 22 at ¶ 17. It seeks an order requiring Brooks "to make an election of remedies, i.e. rescission, including payment of all amounts due and owing Defendants on the mortgage, or abandonment of the property with the right to pursue monetary damages." Id at ¶ 20.

The Court denies NexBank's motion for several obvious reasons.

*First*, NexBank points to nothing in the Federal Rules of Civil Procedure requiring an election of remedies before judgment. The Court is aware of none. To the contrary, Rule 8(d)(3) provides, "A party may state as many separate claims or defenses as it has, regardless of consistency." Even though Brooks *may* be forced to ultimately select one remedy, there is no requirement that she initially plead consistent remedies. See *Ditech Financial LLC v Naumann*, 742 F App'x 810, 811 n 2 (5th Cir 2018) (per curiam). Relief will be determined at final judgment to the extent necessary. See FRCP 54(c).

*Second*, NexBank points to nothing in the Texas Rules of Civil Procedure requiring an election of remedies before judgment. Again to the contrary, Rule 48 provides, "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both." Important practical considerations underlie this rule: "In the first place, a plaintiff with a single claim may be uncertain either as to the fact propositions which may be established at the trial, or as to the rules of substantive law which the court will deem applicable to the established facts, and therefore, in order to hedge against all contingencies, may need to plead his claim to fit multiple theories and often seek alternative and inconsistent relief." Roy McDonald, Texas Civil Practice, Vol 2, p 571, § 6.20.

*Third*, NexBank premises its entire motion on a claim that Brooks does not even assert—wrongful foreclosure. It cites no

2

authority that would compel Brooks to make an election of remedies on the claims she actually does assert. And even were the Court to construe her allegations as a claim for wrongful foreclosure, the election-of-remedies doctrine does not dictate that Brooks must elect her remedy *now*. True, a plaintiff pursuing a wrongful foreclosure action is limited to two alternative remedies—to set aside the sale or recover damages in the amount of the value of the property. *Diversified Inc v Gibraltar Savings Association*, 762 SW2d 620, 623 (Tex App—Houston [14th Dist] 1988). And also true, the election-of-remedies doctrine "is designed to prevent a party who has obtained a specific form of remedy from obtaining a different and inconsistent remedy for the same wrong." *Fina Supply Inc v Abilene National Bank*, 726 SW2d 537, 541 (Tex 1987). But the doctrine specifically allows a plaintiff "to plead and prove inconsistent causes of action and seek alternative relief." *Houston Sash & Door Co v Davidson*, 509 SW2d 690, 692 (Tex Civ App, Beaumont 1974). Only when the plaintiff has selected a remedy does it waive the other. Ibid.

Brooks has not yet made her election. The Court will not force her to do so now.

The Court DENIES the motion to compel to make an election of remedies. Dkt 22.

SO ORDERED.

Signed on April 23, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3