United States District Court
Southern District of Texas
**ENTERED**
April 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMA JOYCE BROOKS, <br> Plaintiff, <br><br> vs. <br><br> REVERSE MORTGAGE SOLUTIONS INC *et al*, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. <br> 4:19-cv-02359 <br><br><br> JUDGE CHARLES ESKRIDGE |

## ORDER

Before the Court are several discovery disputes. This Court has made clear in its procedures that parties should attempt to resolve all discovery disputes in good faith without intervention by the Court. Those procedures also require the parties to be pragmatic and seek reasonable compromise. See Section 15(a). The parties to this action, mainly Defendant NexBank SSB, have done the opposite.

A party seeking discovery relief must submit an initiating letter identifying the nature of the dispute before bringing a motion. See Section 15(c). The Court has received five such initiating letters and three responses in this action in the span of five months.

The Court held a telephonic hearing in January to resolve the first set of discovery disputes. Plaintiff Norma Brooks sought the Court's assistance in obtaining documents from NexBank. Dkt 41. Brooks issued her first set of requests for production and asserted that with one minor exception, NexBank produced no documents. Id at 2. NexBank responded that it opposed this discovery with the illegitimate assertion, "NONE of Plaintiff's claims and causes have merit." Dkt 43 at 1. NexBank also sought

the Court's assistance in obtaining documents and answers to interrogatories from Brooks. Dkt 44. At the hearing, Brooks agreed to produce the requested documents and answer the interrogatories without limitation. NexBank took a more obstinate stance. The Court ordered NexBank to produce the majority of the documents it was withholding. See Minute Entry of January 24, 2020.

NexBank filed a motion to dismiss and motion for summary judgment on March 17th. Dkt 46. In doing so, it relied on two appraisals that Ronald Feilder prepared to assert that Brooks has not maintained her home. See Dkts 46-6 (2013 appraisal), 46-7 (2019 appraisal). It also relied on corporate representative testimony. See Dkt 46-15.

Discovery does not close in this action until June 12th. Dkt 26. Brooks submitted a letter on March 25th seeking a continuance of her deadline to respond to NexBank's motion for summary judgment and to dismiss. Dkt 62. She there sought a continuance so that she could depose Feilder and NexBank. NexBank opposed any extension. Dkt 63. Brooks filed her response on April 7th. Dkt 48. Although the response is on file, the Court finds NexBank's position on this issue patently unreasonable.

Brooks submitted another letter on April 21st seeking leave to depose Feilder and NexBank by videoconference, pursuant to Rule 30(b)(4). Dkt 64. NexBank opposes both depositions. Dkt 65. It also contends that it should be entitled to take Brooks' deposition first. The Court finds NexBank's position again to be patently unreasonable.

The depositions are ordered to go forward. The Court presumptively permits the plaintiff to notice and take the first deposition. See Section 14(b). Brooks is the plaintiff in this action. She provided the first notices of depositions in dispute. And NexBank relies on both Feilder and its corporate representative in its pending motion. Brooks is entitled to take both of those depositions first. NexBank can then take Brooks' deposition.

NexBank insists that the depositions need to be in person. Dkt 65 at 2. The Court agrees and does not intend for any party

2

or counsel to act contrary to official guidance or precautions regarding the COVID-19 virus, including with respect to travel or appearance for any deposition or litigation-related matter. Accordingly, all deadlines in this case are canceled until circumstances allow the depositions to go forward in person.

Upon completion of the depositions, Brooks will be permitted to make a supplemental responsive filing, to which NexBank can reply.

The Court requires the parties in actions before it to either mediate their dispute or attend a settlement conference with the Magistrate Judge prior to consideration of dispositive motions. See Section 17(c). The prior scheduling order did not include an applicable deadline requiring such mediation or settlement conference. The Court will now refer this case to the Magistrate Judge for a settlement conference.

The Court ORDERS as follows:

- o Brooks may depose Feilder and NexBank in person when circumstances reasonably permit.
- o After these depositions, NexBank may depose Brooks in person.
- o Brooks may file a supplemental response to NexBank's motion for summary judgment and motion to dismiss fourteen days after she receives both deposition transcripts. She is allowed no more than 1,500 words.
- o NexBank may then file a reply within ten days. It is allowed no more than 1,500 words.

The Court will enter a separate order referring this case to the Magistrate Judge for a settlement conference.

The Court will reset scheduling deadlines for this action after these depositions and a settlement conference before the Magistrate Judge.

NexBank is cautioned to conform its conduct to standards of reasonableness and good faith going forward. The Court will not hesitate to shift costs or order other relief on further disputes. See Section 15(a).

3

SO ORDERED.

Signed on April 24, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge